**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Brooks Anderson,
Plaintiffs,
v.
UNITED STATES (Government),
Defendant.

Case No. 06-cv-1544 (RMC)

**Response to Motion to Dismiss**

RECEIVED
JUL 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff hereby responds to the United States' Motion to Dismiss:

**QUESTION PRESENTED**

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

**COLLATERAL QUESTION PRESENTED**

Was the "footnote" ground of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41, *Jones v Bock*, __ U.S. _____, (Decided: January 22, 2007), and Fed.R.Civ.P 12(h)(2)?

**DISCUSSION**

The Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22, 2006. In

[1] *Arbaugh*'s effect on "failure to state a claim" is addressed below.

*Arbaugh*, the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

This Court has already determined,in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny, that "exhaustion" is a factual issue, and defendant, while maintaining vigorous disagreement with the District Court's interpretation of *Arbaugh*, has also asserted that Plaintiff has failed to plead exhaustion. Once again, the United States Supreme Court has a differing opinion.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[2]

---

[2] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Rule 8 of the Federal Rules of Civil Procedure governs the assertion of affirmative defenses in civil cases filed in the United States district courts. Rule 8(c) specifically enumerates the following defenses: "accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[3], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", is premature, and an attempt to pre-empt the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* available " as described in IRC § 7433(d)[4], [5].

---

[3] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[4]Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[5] The Congressional language of 7433(d) is further addressed below.

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, misrepresenting the nature and applicability of the regulation cited as the basis for defendant's challenges to the instant action?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. Further review of Official documents published by the Office of the Federal Register establish that defendant's assertion that "TBOR III...reinstated, verbatim, the language of TBOR I", is irrelevant, because the regulation cited by the defendant as a procedural bar to this action lacks the "certain substantive characteristics" and "certain procedural requisites" required Chrysler v. Brown, 441 U.S. 281, at 301, of "a substantive rule--or a 'legislative-type rule,'" Id., 302; Morton v. Ruiz, 415 U.S. 199, at 236. These Office of the Federal Register documents establish that neither the Secretary of the Treasury nor any authorized delegate promulgated any *substantive regulation* (see footnote 3, below), i.e., a regulation "affecting individual rights and obligations" Morton v. Ruiz, 415 U.S. 199, at 232, making "administrative remedies available" (IRC § 7433) under any incarnation of Internal Revenue Code section 7433.

As the Honorable Rehnquist, J., stated in Chrysler v. Brown, 441 U.S. at 301, 302,

"In order for a regulation to have the "force and effect of law," it must have

> certain substantive characteristics and be the product of certain procedural requisites. The central distinction among agency regulations ... is that between "substantive rules" on the one hand and "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" on the other. *** But in Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), we **1718 noted a characteristic inherent in the concept of a "substantive rule." We described a substantive rule--or a "legislative-type rule," id., at 236, 94 S.Ct., at 1074-as one "affecting individual rights and obligations." Id., at 232, 94 S.Ct., at 1073. This characteristic is an important touchstone for distinguishing those rules that maybe "binding" or have the "force of law." Id., at 235, 236,94 S.Ct., at 1074."[6]

The "certain procedural requisites" to which the Chrysler Court referred include, in the instant matter, the procedural requirements of TREASURY DIRECTIVE: 28-01, and TREASURY DIRECTIVE 25-03, discussed hereinthroughout, as appropriate.

The <u>Chrysler</u> Court continued, at 303:

> "Likewise, the promulgation of these regulations must conform with any procedural requirements imposed by Congress. Morton v. Ruiz, supra, at 232. For *agency discretion is limited not only by substantive, statutory grants of authority, but also by the procedural requirements which "assure fairness and mature consideration of rules of general application*." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 764 (1969)." (Emphasis added)

TREASURY DIRECTIVE: 28-01, by express terms, "establishes procedures that govern the issuance of regulations" Ibid., ¶ 1, and establishes that "issuance of regulations, the review of existing regulations, and the publication of regulatory agendas and programs are governed by the Administrative Procedure Act," among other Acts.Ibid., ¶ 2. TREASURY DIRECTIVE: 28-01 even establishes "Special Procedures for the Internal Revenue Service", at Part I, ¶ 4(b).

TREASURY DIRECTIVE 25-03 "states the responsibilities and procedures for submitting Department of the Treasury documents to the Office of the Federal Register in accordance with Title 1 of the Code of Federal Regulations (CFR) Chapter 1." Ibid. ¶ 1, and establishes conclusively that regulations submitted to the Office of the Federal Register for publication must comply with Title 1 of the Code of Federal Regulations. TREASURY DIRECTIVE 25-03 also reaffirms that every document submitted must comply with TREASURY DIRECTIVE 28-01. Ibid, ¶ 4(a)(2).

---

[6]Within the above analysis, footnote 31 included the commentary:

> "In contrast [the Attorney General's Manual] suggests that "interpretive rules" and "general statements of policy" do not have the force and effect of law. Interpretive rules are issued by an agency to advise the public of the agency's construction of the statutes and rules which it administers." Ibid. General statements of policy are "statements issued by an agency to advise the public prospectively of the manner in which the agency proposes to exercise a discretionary power."

"[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]"[7] failed to comply with the procedural requirements of TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03.

Each of the Treasury Decisions identified lacks the "complete citation of the authority under which the section is issued" required by 1 CFR 21.40, "including-(a) General or specific authority delegated by statute; and (b)Executive delegations, if any, necessary to link the statutory authority to the issuing agency". The information required by 1 CFR 21.40 is among the Agency Responsibilities published in 1 CFR 21.41.

The published "26 CFR 301.7433-1" contains neither a citation to 102 Stat. 3747 (TBOR I), nor to 110 Stat. 1465 (TBOR II), nor to 112 Stat. 730 (TBOR III), *aka* IRC § 7433, in its three (3) incarnations, as the source of authority, as required by the Office of the Federal Register in its administration of the Federal Register Act, at 1 CFR 21.43(a), and 1 CFR 21.52; nor does it contain a citation to any substantive authority, as exemplified in 1 CFR 21.45, and 1 CFR 21.53.

"26 CFR 301.7433-1", in every instance, failed to comply with the procedural requirements established in TREASURY DIRECTIVE 25-03.

Based upon the standard established by Chrysler v. Brown, *supra*, Morton v. Ruiz, *supra*, and by the Office of the Federal Register publishing the Code of Federal Regulations[8] in its administration of the Federal Register Act, as those standards have

---

[7]This series of Treasury Decisions purporting to "promulgate" and "amend" 26 CFR 301.7433 is quoted directly from, Treasury Decision 9050, 68 FR 1432,0 including the brackets.

[8]("...[T]he codification of the general and permanent rules published in the Federal Register by the executive departments and agencies of the Federal Government". SEE 1 CFR 2.5(b); 1 CFR 8.1).

been recognized by the Treasury Department in TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03, "26 CFR 301.7433-1" is nothing more than an "interpretative regulation" not "affecting individual rights and obligations".

In discussing the distinction between "substantive" and "interpretative (interpretive)" regulations, the Chrysler Court pointed out, at 441 U.S. 315, that the regulation at issue therein established, *inter alia*:

> " 'As the changes made by this document relate solely to interpretive rules, general statements of policy, and to rules of agency procedure and practice, neither notice of proposed rule making nor public participation therein is required by 5 U.S.C. 553. Since the changes made by this document either relieve restrictions or are interpretative rules, no delay in effective date is required by 5 [441 U.S. 315] U.S.C. 553(d). These rules shall therefore be effective immediately.' "

Chrysler found, "Thus, the regulations were essentially treated as interpretative rules, and interested parties were not afforded the notice of proposed rulemaking required for substantive rules under 5 U.S.C. § 553(b)."

_____TREASURY DIRECTIVE 28-01 establishes that "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", *aka* "26 CFR 301.7433-1" had to meet the procedural requirements of the Administrative Procedure Act, as well as those of Title 1, Code of Federal Regulations. TREASURY DIRECTIVE 28-01 applies, by express terms, to:

> (1) any advance notice of proposed rulemaking, notice of proposed rulemaking (proposed regulation), temporary (interim) regulation, final regulation or Treasury Decision published in the Federal Register;
> (2) any other publicly-issued document of general applicability and future effect designed to implement, interpret, or prescribe law or policy, or describing the procedure or practice requirements of an office or bureau;
> (3) any document that withdraws or substantively amends a previously issued regulation;

(4) any document published in the Notice section of the Federal Register that:
(a) requires or authorizes any action on the part of any person to participate in a program, avoid a penalty, or obtain a benefit;
(b) contains a reporting or recordkeeping requirement;

Defendant has forcefully asserted that "26 CFR 301.7433-1" was "designed to implement, interpret, or prescribe law or policy," and "requires...any action on the part of any person...to participate in a program, avoid a penalty, or obtain a benefit" as defined in TREASURY DIRECTIVE 28-01. Defendant's forceful assertion establishes that the Treasury Directive is applicable.

The regulation (sic) is its own best evidence of failure to comply with the Administrative Procedure Act, as mandated by TREASURY DIRECTIVE 28-01. The published "26 CFR 301.7433-1", containing only the bracketed reference "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", contains the statement, in part, that:

> "It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations..."

Section 4 of the Administrative Procedure Act, at 5 U.S.C. § 553(b), provides for ONLY two exceptions to the requirement that "General notice of proposed rule making shall be published in the Federal Register":

> "******
> "Except when notice or hearing is required by statute, this subsection does not apply --
> " (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or
> " (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest."

_____TREASURY DIRECTIVE 28-01, unarguably applicable, allows exemption from 5

U.S.C. § 553 only in cases of emergency or statutory or judicial deadlines, and requires that any regulation asserting such "shall contain a specific statement explaining, and a citation to the provisions of 5 U.S.C. 553 that authorize, such action." TREASURY DIRECTIVE 28-01, Part VI, ¶¶ 1, 2. "[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]", *aka* "26 CFR 301.7433-1" failed to comply with these procedural requirements.

______In the similar situation, the Supreme Court followed the precedent it had set 2 years previously:

> "As we observed in Batterton v. Francis, 432 U.S. 416, 425 n. 9, 97 S.Ct. 2399, 2405 n. 9, 53 L.Ed.2d 448 (1977):
>
> > "[A] court is not required to give effect to an interpretative regulation. Varying degrees of deference are accorded to administrative interpretations, based on such factors as the timing and consistency of the agency's position, and the nature of its expertise." [9]
>
> "We need not decide whether these regulations are properly characterized as "interpretative rules." It is enough that such regulations are not properly promulgated as substantive rules, and herefore not the product of procedures which Congress prescribed as necessary prerequisites to giving a regulation the binding effect of law."

Chrysler, at 441 U.S. 315.

In the clear absence of an incorporated "finding and a brief statement of reasons therefor" as specified in 5 USC § 553(b)(3)(B), and in the clear absence of "a specific statement explaining, and a citation to the provisions of 5 U.S.C. 553 that authorize, such action" as required by TREASURY DIRECTIVE 28-01, Part VI, ¶¶ 1, 2, the assertion that "section 553(b) of the Administrative Procedure Act...does not apply to...", "26 CFR 301.7433-1" is its own best evidence that it is merely "an interpretative

---

[9]The Court is respectfully reminded that defendant's agency failed to even attempt to promulgate a regulation for four years after the right to bring an action was granted by Congress.

regulation" Chrysler, 441 U.S. 281 at 315; Batterton v. Francis, 432 U.S. 416, 425 n. 9, not "affecting individual rights and obligations" Morton v. Ruiz, 415 U.S. at 232, that "[A] court is not required to give effect to" Batterton v. Francis, *supra.*

Based upon the foregoing, the Court should follow the Supreme Court's prudent example, and find that "26 CFR 301.7433-1" fails to implement IRC § 7433, notwithstanding the clear Congressional intent that "administrative remedies [be made] available"; that it is nothing more than an "interpretative regulation", Chrysler v. Brown, 441 U.S. 281 (1979), i.e., a regulation not "affecting individual rights and obligations" Morton v. Ruiz, 415 U.S. at 232; that the "court is not required to give effect to" Batterton v. Francis, 432 U.S. 416, 425 n. 9; and that "26 CFR 301.7433-1" lacks substantive authority.

**QUESTION PRESENTED**

Was defendant's Anti-Injunction Act challenge frivolous, in the face of allegations meeting at least 1 of the AIA's 14 statutory exceptions?

**DISCUSSION**

The Anti-Injunction Act contains 14 specific exceptions to its prohibition:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff specifically alleged, Complaint, that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330; CDP hearings under 6320 (liens) are to be conducted under 6330; 6330(e) is an exception to the AIA.

Congress' express exception to the bar of the AIA should be adhered to.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent the language of Rule 4(i), specifying the Rule's alternative method of service upon the United States by mail, and further misrepresent judicial precedent in respect of service?

## DISCUSSION

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule under which service was effected, states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *or by sending a copy of the summons and of the complaint by registered or certified mail* addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...(emphasis added)

Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval of the language of Rule 4(i), specifying the Rule's alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail..." should be given weight, and that weight so given precludes dismissal of an action in which service of process was unarguably made.

Plaintiff's assertion finds support in 4A Federal Practice & Procedure, and in the very cases that Counsel cites as authority:

**Case In Point:**

*Davis v. Garcia*, 226 F.R.D. 386 (C.D. Cal. 2004), was dismissed primarily for Davis' failure to effect timely service.

**Case In Point:**

*Taylor v. United States*, 192 F.R.D. 223, was dismissed solely for Taylor's failure to effect timely service.

**Case In Point:**

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694,[10], involved a district court's decision over matters governed by Fed.R.Civ.P. 37, having nothing to do with service of process by any person, in any capacity, under any rule.

**Case In Point:**

*Light v Wolf*, 816 F 2d 746 (D.C. Cir. 1987)[11], was dismissed solely because the United States was not served with process in what *Light*, a federal employee, intended to be a private cause of action against *Wolf*, her supervisor.

**Case In Point:**

In what is apparently a case so far removed from the issues in the case at bar that the misrepresentation thereof rises to a whole new order of magnitude, *Relf v Gasch*, 511 F.2d 804 (DC Cir 1975)[12], was a mandamus case against Gasch, a District Court Judge, for transferring a Federal Tort Claims Act action regarding the unauthorized, nonconsensual tubal sterilization of minors.

As pointed out by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61), (*accord* Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987), and quoting therefrom,

---

[10]The lone Supreme Court case upon which defendant relies on the issue of service.

[11] The first of only 2 cases cited that was litigated in the D.C. Circuit.

[12]One of only 2 cases cited that was litigated in the D.C. Circuit.

"[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .")

**SUPPLEMENTAL QUESTION PRESENTED**

Are the "general allegations" made in Plaintiff's Complaint, in the context of

1. the Fed.R.Civ.P 8(a) "notice Pleadings" Rule, as interpreted in *Conley v. Gibson*, 355 U.S. 41, and reiterated in *Jones v Bock*, __ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of Plaintiffs), and
2. the revelations regarding disregard of rulemaking requirements contained herein,

sufficient to establish a presumption of a pattern of unlawful activity on the part of defendant's agency?

**DISCUSSION**

Defendant, by and with the assistance of counsel, raised the issue that the allegations in the instant case are similar, if not identical, to dozens of other cases filed to this Court. Plaintiff, concerned only with the instant case, asserts that any alleged similarity of allegations in other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such "general allegations", especially in the numbers asserted by defense counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency. Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18 U.S.C. § 1961(1), such as 1) extortion, in forcing Plaintiff to make financial "arrangements" to avoid attack on property, and acts

indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4). The fact that defendant, presumably aware of its agency's actions, has misrepresented an interpretative (interpretive) regulation as one "affecting individual rights and obligations" supports a finding that defendant and its agency conspired within the meaning of 18 U.S.C. § 1961, *et seq*.

Based upon the entirety of the foregoing, the United States' Motion to Dismiss should be denied.

Respectfully Submitted

Dated July 2, 2007

Brooks Anderson

---

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz

U.S. Department of Justice

P.O. Box 227

Washington D.C. 20044

Dated July 2, 2007